# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

**NOKIA TECHNOLOGIES OY,**

  Plaintiff,

      v.

**LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO. LTD., LENOVO GROUP, LTD., LENOVO BEIJING, LTD., LENOVO PC HK LIMITED, AND LENOVO (UNITED STATES), INC.,**

  Defendants.

**CIVIL ACTION NO. 5:19-cv-00427-BO**

**JURY TRIAL DEMANDED**

## REPORT OF THE PARTIES' PLANNING MEETING

1. The following persons participated in a Rule 26(f) conference by telephone:

Matthew P. McGuire and Warren Lipschitz, representing the plaintiff Nokia Technologies Oy ("Nokia"); and

Jacob S. Wharton, Todd Zubler, and Harry Hanson, representing the defendant Lenovo (United States), Inc. ("Lenovo United States").

The remaining Lenovo entities are based in China and Hong Kong and do not have registered agents for service of process in the United States. Nokia has requested that these entities waive service, but they have declined. Nokia has begun the process of serving the Lenovo foreign entities pursuant to the applicable provisions of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or commercial matters developed at the Tenth Session of the Hague Conference on Private International Law in October, 1964 (the "Hague Convention"). Service through the Hague Convention in China frequently takes over one year. Depending on

1

how long it takes for Nokia to effectuate service of the foreign entities through the Hague Convention, the parties may request modification to this schedule.

**2.     Initial Disclosures:** Nokia and Lenovo United States will complete by February 27, 2020 the initial disclosures required by Rule 26(a)(1). Nokia and Lenovo United States further agree that a defendant first served after the Rule 26(f) conference must make these disclosures within 30 days after the defendant serves its Answer under Federal Rule of Civil Procedure 12(a).

**3.     Discovery Plan:** Nokia and Lenovo United States propose this discovery plan:

(a)     Discovery will be needed on these subjects:

i.)     The background of the alleged inventions of the patents-in-suit, the prosecution history of the patents-in-suit, and the validity and enforceability of the patents-in-suit;

ii.)    The licensing and settlement history of the patents-in-suit and information related to Nokia's damages claims;

iii.)   Nokia's allegations of infringement, including technical aspects of the accused products;

iv.)    Alleged damages for alleged infringement;

v.)     Nokia's allegations that certain claims of the patents-in-suit are "essential" to the H.264 standard;

vi.)    Nokia and Lenovo's negotiations[1]; and

vii.)   The basis for Lenovo United States' affirmative defenses.

---

[1] The parties dispute the scope of negotiations that are relevant to this case, but will continue to meet and confer and will raise the issue in the context of particular discovery requests, if necessary.

(b) Lenovo United States shall serve no more than twenty-five (25) interrogatories on Nokia and Nokia shall serve no more than twenty-five (25) interrogatories on Lenovo United States, including discrete subparts, to the other party, unless the serving party obtains leave to do so from the Court. Responses are due according to the standard deadlines set forth in the Federal Rules.[2]

(c) Lenovo United States shall serve no more than fifty (50) requests for admission on Nokia and Nokia shall serve no more than fifty (50) requests for admission on Lenovo United States, unless the serving party obtains leave to do so from the Court, except that there shall be no limit as to the number of requests for admission served for the sole purpose of authentication of documents. Responses are due according to the standard deadlines set forth in the Federal Rules.

(d) Lenovo United States may take a maximum of fifteen (10) fact witness depositions of Nokia and Nokia may take a maximum of ten (10) fact witness depositions of Lenovo United States. All expert witnesses may be deposed during the period for expert discovery, and such depositions shall not count toward the fact witness deposition limits set forth in this paragraph. Third party depositions shall not count towards the fact witness deposition limits set forth in this paragraph.

(e) Each fact deposition shall be limited to one day of no more than seven (7) hours on the record, exclusive of breaks; provided, however, that if an interpreter is required for the deposition, the deposition shall be limited to two days of seven (7) hours each day on the record (total of fourteen (14) hours).

(f) Supplementation must be made in accordance with Fed. R. Civ. P. 26(e).

---

[2] Nokia and the remaining Lenovo entities will negotiate discovery limits within 30 days after those entities serve their Answers under Federal Rule of Civil Procedure 12(a).

3

Case 5:19-cv-00427-BO   Document 22   Filed 02/21/20   Page 3 of 12

(g) Nokia and Lenovo United States agree to produce ESI in the electronic format as may be necessary or appropriate from the circumstances. Nokia and Lenovo United States intend to work together on a stipulated electronic discovery order for submission to the Court in the near future, and currently do not foresee any significant e-discovery issues that should require Court intervention.

(h) Protective Order: Nokia and Lenovo United States agree that a protective order governing the disclosure of confidential information should be entered in this proceeding and will address issues of privilege and protection of trial-preparation materials. Nokia and Lenovo United States intend to work together on a stipulated protective order for submission to the Court in the near future, and currently do not foresee any significant protective order issues that should require Court intervention.

**4. Other Items:**

(a) At this time, Nokia and Lenovo United States believe it is not necessary to meet with the judge prior to the scheduling order's issuance.

(b) Relevant dates and deadlines are included in the proposed schedule below.

(c) At this time, Nokia and Lenovo United States believe that it is too soon to request dates for a pretrial conference. The appropriate date for a pretrial conference will depend on the date a claim construction order issues, as reflected in the proposed schedule below.

(d) While Nokia and Lenovo United States are unable at this time to estimate the likelihood of settlement, they intend to make their best efforts to reach a mutually agreeable resolution of this matter, and they continue to be in contact about reaching a global settlement that will settle their disputes.

(e) This case is subject to mandatory mediation pursuant to Local ADR Rule 101.

Nokia and Lenovo United States will confer regarding mediation proceedings and will pick a mediator within 60 days after the filing of this Report. Nokia and Lenovo United States believe that formal mediation is premature until some discovery and exchange of contentions has occurred, though they continue to engage in informal settlement discussions.

(f) At this time, Nokia and Lenovo United States believe that it is too soon to suggest a trial date, as the appropriate date will depend on the date a claim construction order issues, as reflected in the proposed schedule below. Currently, Nokia and Lenovo United States anticipate that trial will take at least 1 week.

5. **Patent-Specific Items:**

(a) Nokia and Lenovo United States propose extending the deadlines provided for in the local patent rules. This case involves 10 patents covering a large number of accused products, including laptop computers, tablets, and similar products. Thus, Nokia and Lenovo United States will need extra time beyond the default schedule. Nokia and Lenovo United States' proposals are laid out in the proposed schedule below.

(b) At this time, Nokia and Lenovo United States do not believe it will be necessary for the Court to hear live testimony at the claim construction hearing. To the extent Nokia and/or Lenovo United States determine in the future that live testimony at the claim construction hearing is necessary, they will promptly inform the Court.

(c) Claim construction discovery will be governed by the discovery anticipated by the Local Patent Rules regarding document production.

(d) At this time, Nokia and Lenovo United States believe it is too soon to propose an order of presentation at the claim construction hearing. Instead, Nokia and Lenovo United States agree to confer in good faith regarding the appropriate order of presentation at the claim

construction hearing. Nokia and Lenovo United States propose suggesting an order of presentation in a notice to the Court filed concurrently with responsive claim construction briefs, as reflected in the proposed schedule below.

(e) At this time, Nokia and Lenovo United States do not believe it would be valuable to hold a prehearing conference after the Joint Claim Construction Statement has been filed.

(f) At this time, Nokia and Lenovo United States do not believe it would be appropriate to phase discovery for infringement, invalidity, and damage issues.

(g) At this time, Nokia and Lenovo United States do not believe it would be helpful to the parties and the Court to appoint a Special Master. Nokia and Lenovo United States do not consent to trial before a Magistrate Judge.

(h) Nokia and Lenovo United States intend to work together on a stipulated protective order for submission to the Court in the near future that will address any necessary modifications to the standard protective order. Nokia and Lenovo United States currently do not foresee any significant protective order issues that should require Court intervention.

(i) At this time, Nokia and Lenovo United States believe it would be worthwhile to have a hearing to provide the Court with an overview of the technology at issue in the suit. Nokia and Lenovo United States propose that such a hearing ("Tech Tutorial Hearing") occur as soon as practicable before the claim construction hearing, as reflected in the proposed schedule below.

(j) At this time, Nokia and Lenovo United States do not foresee any other patent-related issues in this case.

**6. Proposed Schedule:**

| ACTION | DEADLINE |
|---|---|
| Rule 26(a)(1) Initial Disclosures | February 27, 2020 |

| | |
|---|---|
| Nokia and Lenovo United States Agree on to Propose a Mediator | 60 days after filing of Rule 26(f) Report |
| Disclosure of Asserted Claims & Preliminary Infringement Contentions and associated document production (LR 303.1 and 303.2) | March 15, 2020 |
| Preliminary Invalidity Contentions and associated document production (LR 303.3 and 303.4) | May 29, 2020 |
| Motions to Join Additional Parties or Amend Pleadings without showing of good cause | July 15, 2020 |
| Exchange of Proposed Terms and Claim Elements for Construction (LR 304.1) | July 15, 2020 |
| Conclusion of Initial Mediation | August 1, 2020 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (LR 304.2) | August 12, 2020 |
| Joint Claim Construction Statement (LR 304.3) | September 2, 2020 |
| Completion of Claim Construction Discovery (LR 304.4) | October 16, 2020 |
| Opening Claim Construction Briefs (LR 304.5(a)) | November 13, 2020 |
| Responsive Claim Construction Briefs (LR 304.5(b)) | December 14, 2020 |
| Joint Notice Informing Court whether Claim Construction Hearing is Requested | December 14, 2020 |
| Tech Tutorial Hearing | To be determined by the Court |
| Claim Construction Hearing (if necessary) (LR 304.6) | To be determined by the Court |
| Final Infringement Contentions (LR 303.6(a)) | 60 days following entry of claim construction order |
| Final Invalidity Contentions (LR 303.6(b)) | 90 days following entry of claim construction order |

| | |
|---|---|
| Conclusion of Second Mediation | 45 days following service of Final Invalidity Contentions |
| Disclosure of Opinions of Counsel (LR 303.8) | June 1, 2021 |
| Fact Discovery Closes | July 1, 2021 |
| Initial Expert Disclosures by Party Bearing Burden of Proof (LR 305.1(b)) | August 16, 2021 |
| Expert Disclosures Where Opposing Party Bears Burden of Proof (LR 305.1(c)) | September 30, 2021 |
| Rebuttal Expert Disclosures (LR 305.1(d)) | October 21, 2021 |
| Expert Discovery Closes (LR 305.2) | December 2, 2021 |
| Dispositive Motions & *Daubert* Motions (LR 7.1(e)) | January 11, 2022 |
| Rule 26(a)(3) Pretrial Disclosures (LR 16.1b) | 28 days before final pretrial conference |
| Objections to Pretrial Disclosures (LR 16.1b) | 14 days before final pretrial conference |
| Proposed Final Pretrial Order (LR 16.1) | 7 days prior to final pretrial conference |
| Trial | To be determined by the Court |

**7. Case Narrowing:**

The parties agree that it would be beneficial to narrow the number of asserted claims and prior art references at issue in this case, but disagree about the scope and timing of that narrowing. The parties' respective positions on this issue are set forth below.

To the extent acceptable to the Court, the parties have agreed to the following expedited briefing schedule to address this dispute: (1) simultaneous opening briefs of no more than 7 pages due February 28, 2020; (2) simultaneous replies of no more than 3 pages due on March 3, 2020.

**Nokia's Position**

| Narrowing | Timing |
|---|---|
| Nokia to identify no more than 85 asserted claims. | 40 Days After Preliminary Invalidity Contentions |

| | |
|---|---|
| Lenovo United States to identify no more than 12 prior art references per patent and not more than 55 references in total. | 14 Days After Nokia's First Claim Reduction |
| Nokia to identify no more than 30 asserted claims. | 28 Days After Claim Construction Issue |
| Lenovo United States to identify no more than 5 prior art references per patent and not more than 30 references in total. For this reduction, a combination is considered a "prior art reference." | 14 Days After Nokia's Second Claim Reduction |
| Nokia to identify no more than 15 asserted claims. | 14 Days Before the Pretrial Conference |
| Lenovo United States to identify no more than 3 prior art references per patent and not more than 15 references in total. For this reduction, a combination is considered a "prior art reference." | 7 Days before the Pretrial Conference |

**Lenovo United States' Position**

| Narrowing | Timing |
|---|---|
| Nokia to identify no more than 30 asserted claims. | At Time of Disclosure of Asserted Claims & Preliminary Infringement Contentions |
| Lenovo United States to identify no more than 90 prior art references. For purposes of this limitation, each obviousness combination counts as a separate (but single) prior art reference. | At Time of Disclosure of Preliminary Invalidity contentions |
| Nokia to identify no more than 20 asserted claims. | 30 Days After Claim Construction Order |
| Lenovo United States to identify no more than 60 prior art references. For purposes of this limitation, each obviousness combination counts as a separate (but single) prior art reference. | 45 Days After Claim Construction Order |
| Nokia to identify no more than 15 asserted claims. | 30 Days After Close of Expert Discovery |
| Lenovo United States to identify no more than 45 prior art references. For purposes of this limitation, each obviousness combination counts as a separate (but single) prior art reference. | 45 Days After Close of Expert Discovery |

9

Date: February 21, 2020                    Respectfully submitted,

/s/ *Theodore Stevenson, III*
Theodore Stevenson, III
TX State Bar No. 19196650
Warren Lipschitz
TX State Bar No. 24078867
MCKOOL SMITH, PC
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044
Email:   tstevenson@mckoolsmith.com

*COUNSEL FOR PLAINTIFF NOKIA TECHNOLOGIES OY*


/s/ *Matthew P. McGuire*
Matthew P. McGuire
N.C. State Bar. No. 20048
ALSTON & BIRD LLP
555 Fayetteville Street, Suite 600
Raleigh, NC 27601
Telephone: (919) 862-2200
Facsimile: (919) 862-2260
E-mail: matt.mcguire@alston.com

*LOCAL CIVIL RULE 83.1(D) COUNSEL FOR PLAINTIFF NOKIA TECHNOLOGIES OY*


/s/ *Sarah R. Frazier*
Hayden J. Silver III, NCSB No. 10037
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
PO Box 831
Raleigh, North Carolina 27601
Telephone: (919) 755-2188
Facsimile: (919) 755-6099
E-mail: Jay.Silver@wbd-us.com

Jacob S. Wharton, NCSB No. 37421
Ana J. Friedman, NCSB No. 53117
WOMBLE BOND DICKINSON (US) LLP

One West 4th Street
Winston-Salem, North Carolina 27101
Telephone: (336) 747-6609
Facsimile: (336) 726-6985
E-mail: Jacob.Wharton@wbd-us.com

William F. Lee
Richard W. O'Neill (*Notice of Special Appearance forthcoming*)
Timothy D. Syrett
Sarah R. Frazier
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

Todd Zubler
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000

*Counsel for Lenovo (United States) Inc.*

11

# CERTIFICATE OF SERVICE

This is to certify that this day, February 21, 2020, I electronically filed the foregoing REPORT OF THE PARTIES' PLANNING MEETING with the Clerk of the Court using the CM/ECF system which will send notification of such filing and effectuate service to counsel of record in this matter.

**ALSTON & BIRD LLP**

*/s/ Matthew P. McGuire*
Matthew P. McGuire
N.C. State Bar. No. 20048
ALSTON & BIRD LLP
555 Fayetteville Street, Suite 600
Raleigh, NC 27601
Telephone: (919) 862-2200
Facsimile: (919) 862-2260
E-mail: matt.mcguire@alston.com

*LOCAL CIVIL RULE 83.1(D) COUNSEL
FOR PLAINTIFF NOKIA TECHNOLOGIES OY*