IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **NOKIA TECHNOLOGIES OY,** | |
| Plaintiff, | |
| v. | **CIVIL ACTION NO.** |
| | **5:19-cv-00427-BO** |
| **LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO. LTD., LENOVO GROUP, LTD., LENOVO BEIJING, LTD., LENOVO PC HK LIMITED, AND LENOVO (UNITED STATES), INC.,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF NOKIA'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Nokia filed this patent infringement against Lenovo on September 25, 2019. (D.E. 1). Nokia alleged in its original complaint that Lenovo is infringing ten Nokia patents. Compl. at ¶¶ 45-58. The accused products include laptops, tablets, and other non-cellular devices. Compl. at ¶ 59. It has come to Nokia's attention that Lenovo is also infringing Nokia's U.S. Patent No. 8,583,706 (the '706 Patent), and Nokia seeks to amend its complaint to add this patent to the lawsuit. Nokia brings this motion before the Court's deadline for amending pleadings, which is July 15, 2020, and does so to avoid burdening the parties and the Court with an additional separate lawsuit over this single patent. Defendant Lenovo (United States), Inc. ("Lenovo"), the only defendant that has appeared in this case, has indicated that it does not oppose this motion.

I. ARGUMENT

"It is this Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." (citing *Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964)); *Eminence Capital, LLC v. Aspeon, Inc.* 316 F.3d 1048, 1051 (9th Cir. 2003) (leave should be granted with "extreme liberality") (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Thus, Courts in this circuit and district have repeatedly held that leave to amend should be "freely given" when justice so requires, and should not be denied unless the opposing party makes a showing of undue prejudice, futility, or bad faith. *See* Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). When the amendment is sought within the time provided by the pretrial scheduling order, no showing of good cause is required. *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 607-08 (9th Cir. 1992). In fact, absent prejudice, or a strong showing of any of the other reasons for denying leave to amend, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

The Scheduling Order in this case provides that motions requesting leave to amend the pleadings should be filed by July 15, 2020. (D.E. 23 at 3). Discovery in this case does not close until July 1, 2021, slightly less than one year from today, and the claim construction process has not yet begun. The products Nokia accuses of infringing the '706 Patent, such as tablets and Chromebook laptops, are already at issue in this case. Accordingly, the operative facts, percipient witnesses, expert witnesses and other evidence and issues will substantially overlap.

Nokia seeks to add this patent to this case rather than file a separate case to reduce the burden on the Court and the parties. If Nokia is not allowed to amend this complaint, it will need to file a separate lawsuit. This would cause a greater burden on the parties and the Court, as well as repetitive discovery over many of the same accused products. *See SZ DJI Tech. Co. v. Yuneec Int'l Co.*, No. EDCV160595BROKKX, 2016 WL 9150618, at *2 (C.D. Cal. Dec. 1, 2016) ("It is more efficient to address these claims in this case rather than a new action that would require the parties to start over. . . . Judicial economy and efficiency are best served by allowing the addition of the newly-asserted patents.").

Under these circumstances, permitting the filing of the First Amended Complaint is in the interest of justice, and therefore should be "freely given" in accord with Rule 15(a)(2) of the Federal Rules of Civil Procedure.

## II. CONCLUSION

For the foregoing reasons, Nokia requests that the Court grant leave for Nokia to file its First Amended Complaint.

Date: July 2, 2020

Respectfully submitted,

/s/ *Theodore Stevenson, III*
Theodore Stevenson, III
TX State Bar No. 19196650

tstevenson@mckoolsmith.com
Warren Lipschitz
TX State Bar No. 24078867
wlipschitz@mckoolsmith.com
MCKOOL SMITH, PC
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

*COUNSEL FOR PLAINTIFF NOKIA TECHNOLOGIES OY*

/s/ *Matthew P. McGuire*
Matthew P. McGuire
N.C. State Bar. No. 20048
ALSTON & BIRD LLP
555 Fayetteville Street, Suite 600
Raleigh, NC 27601
Telephone: (919) 862-2200
Facsimile: (919) 862-2260
E-mail: matt.mcguire@alston.com

*LOCAL CIVIL RULE 83.1(D) COUNSEL FOR PLAINTIFF NOKIA TECHNOLOGIES OY*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2020, I electronically filed the foregoing Memorandum in Support of Nokia's Unopposed Motion for Leave to File First Amended Complaint with the Clerk of Court using the CM/ECF system, which will send notification of such filing and effectuate service to the counsel of record in this matter.

                        **ALSTON & BIRD LLP**

                        */s/ Matthew P. McGuire*
                        Matthew P. McGuire
                        N.C. State Bar. No. 20048
                        ALSTON & BIRD LLP
                        555 Fayetteville Street, Suite 600
                        Raleigh, NC 27601
                        Telephone: (919) 862-2200
                        Facsimile: (919) 862-2260
                        E-mail: matt.mcguire@alston.com

                        *LOCAL CIVIL RULE 83.1(D) COUNSEL*
                        *FOR PLAINTIFF NOKIA TECHNOLOGIES OY*