IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **NOKIA TECHNOLOGIES OY,**<br>Plaintiff,<br><br>v.<br><br>**LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO. LTD., LENOVO GROUP, LTD., LENOVO BEIJING, LTD., LENOVO PC HK LIMITED, AND LENOVO (UNITED STATES), INC.,**<br><br>**Defendants.** | **CIVIL ACTION NO. 19-CV-427** |

**DEFENDANT LENOVO (UNITED STATES) INC.'S
<u>MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY</u>**

# TABLE OF CONTENTS

|      |      | Page |
|------|------|------|
| I.   | INTRODUCTION .................................................................................................1 | |
| II.  | BACKGROUND ..................................................................................................2 | |
|      | A. The District Court Proceedings............................................................................2 | |
|      | B. The ITC Proceedings .........................................................................................4 | |
| III. | ARGUMENT.........................................................................................................5 | |
|      | A. Section 1659(a) Requires a Stay of the District Court Proceedings with Respect to the Overlapping '764, '808, '469, '818, and '706 Patents......................5 | |
|      | B. The Court Should Exercise Its Discretion to Stay the District Court Proceedings with Respect to the Non-Overlapping Patents, Except for the September 21 Mediation Deadline...............................................................6 | |
|      |     1. A stay will simplify this case and promote judicial economy ....................7 | |
|      |     2. The early stage of this case favors a stay.....................................11 | |
|      |     3. A stay with respect to the non-overlapping patents does not unfairly prejudice Nokia.........................................................................11 | |
|      | C. The Initial Mediation Deadline Should Not Be Stayed .........................................13 | |
| IV.  | CONCLUSION..................................................................................................14 | |

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Apple, Inc. v. High Tech Computer Corp.*,
   No. 10-cv-167-GMS, 2011 WL 13141909 (D. Del. Dec. 22, 2011) ...................................2, 10

*Arris Enterprises LLC v. Sony Corp.*,
   No. 17-cv-02669-BLF, 2017 WL 3283937 (N.D. Cal. Aug. 1, 2017) .........................1, 7, 8, 10

*Avago Technologies U.S. Inc. v. IPtronics, Inc.*,
   No. 10-cv-02863-EJD, 2013 WL 623042 (N.D. Cal. Feb. 15, 2013)......................9, 10, 11, 12

*Black Hills Media, LLC v. Samsung Electronics Co., Ltd.*,
   No. 13-cv-379-JRG-RSP, ECF 63 (E.D. Tex. Mar. 17, 2014) .......................................7, 10, 12

*Chart Trading Dev., LLC v. Tradestation Group, Inc.*,
   No. 15-cv-1136-JDL, 2016 WL 1246579 (E.D. Tex. Mar. 29, 2016).........................................9

*Edge-Works Manufacturing Co. v. HSG, LLC*,
   No. 17-cv-223-FL, 2018 WL 10604745 (E.D.N.C. Apr. 30, 2018) ..........................................7

*Fawzy v. Wauquiez Boats SNC*,
   873 F.3d 451 (4th Cir. 2017) ....................................................................................................3

*Flexsys Americas, LP v. Kumho Tire, U.S.A., Inc.*,
   No. 05-cv-156, 2005 WL 1126750 (N.D. Oh. Apr. 29, 2005) ................................9, 10, 11, 12

*FormFactor, Inc. v. Micronics Japan Co., Ltd.*,
   No. 06-cv-07159 JSW, 2008 WL 361128 (N.D. Cal. Feb. 11, 2008) ...........................9, 10, 12

*Graphic Props. Holdings, Inc. v. Toshiba America Infomation Systems, Inc.*,
   No. 12-cv-213-LPS, 2014 WL 923314 (D. Del. Mar. 5, 2014).......................................6, 9, 11

*InterDigital Commcunications, LLC v. International Trade Commission*,
   707 F.3d 1295 (Fed. Cir. 2013)................................................................................................5

*Landis v. North American Co.*,
   299 U.S. 248 (1936)..............................................................................................................6, 7

*Polymer Technology Systems, Inc. v. ACON Laboratories, Inc.*,
   No. 18-cv-00805-H-JLB, 2018 WL 3388123 (S.D. Cal. July 11, 2018)..................................5

*SanDisk Corp. v. Phison Electronics Corp.*,
   538 F. Supp. 2d 1060 (W.D. Wisc. 2008).....................................................................7, 11, 12

## I. INTRODUCTION

Last month, Nokia filed a complaint in the United States International Trade Commission ("ITC") against Lenovo United States and the other Lenovo defendants named in this action, alleging infringement of five of the same patents that are asserted in this case. Pursuant to 28 U.S.C. § 1659(a), Lenovo United States is entitled to, and respectfully requests, a stay of this case with respect to the five patents also asserted in the ITC (the "overlapping patents") pending final resolution of the ITC investigation. Lenovo United States further requests that the Court exercise its discretion to also stay the case—except for the September 21, 2020 mediation deadline—with respect to the remaining patents asserted in this case but not in the ITC (the "non-overlapping patents") until the ITC proceedings are resolved.

The non-overlapping patents all relate to the same video compression technology as patents being litigated in the ITC. A stay as to all patents will therefore streamline this litigation and avoid inefficiencies by enabling the case (when it resumes) to proceed on a single schedule as to all asserted patents. If the case is not stayed as to the non-overlapping patents, it will proceed on two separate tracks in this Court—first, one set of proceedings for the non-overlapping patents; and then, after the ITC investigation concludes, another set of proceedings for the overlapping patents—forcing the Court and the parties to conduct two rounds of discovery, two rounds of claim construction, two rounds dispositive motions, and two trials in this case. Such duplicative proceedings in this Court would needlessly waste party and judicial resources. Accordingly, and because this case is still in its infancy and there is no prejudice to Nokia, a stay as to the non-overlapping patents is warranted. Indeed, courts routinely grant stays as to non-overlapping patents in view of related ITC proceedings for precisely these reasons. *See, e.g.*, *Arris Enterprises LLC v. Sony Corp.*, No. 17-cv-02669-BLF, 2017 WL 3283937, at *3-4 (N.D. Cal. Aug. 1, 2017) (granting discretionary stay of non-overlapping patents, as "[h]aving

1

this case proceed on two different schedules also does not serve the interest of judicial economy"); *Apple, Inc. v. High Tech Computer Corp.*, No. 10-cv-167-GMS, 2011 WL 13141909, at *4 & n.16 (D. Del. Dec. 22, 2011) (granting discretionary stay as to eleven non-overlapping patents in the "interests of judicial economy and preservation of party resources").

Lenovo United States therefore respectfully asks that the Court stay all deadlines in this case with respect to all patents, except for the September 21, 2020 mediation deadline. The parties are already actively working with the Court-appointed mediator and have scheduled a mediation for September 21, 2020. Lenovo United States believes that, if there is a potential for resolution, it is in the parties' and the Court's interest to explore that possibility now. And proceeding with the currently scheduled mediation does not prejudice Nokia in any way; indeed, the parties will be required to participate in early settlement discussions in connection with the ITC investigation in any event.

## II. BACKGROUND

### A. The District Court Proceedings

Nokia filed this case on September 5, 2019. ECF 1. In its Original Complaint, Nokia asserted that Lenovo United States infringes ten United States patents that Nokia alleges are essential to implementing the H.264 Advanced Video Coding standard ("H.264 Standard"): U.S. Patent Nos. 7,532,808 ("the '808 patent"), 6,950,469 ("the '469 patent"), 7,280,599 ("the '599 patent"), 8,036,273 ("the '273 patent"), 8,144,764 ("the '764 patent"), 6,968,005 ("the '005 patent"), 6,856,701 ("the '701 patent"), 9,800,891 ("the '891 patent"), 7,724,818 ("the '818 patent"), and 7,263,125 ("the '125 patent"). *Id.* On July 10, 2020, Nokia filed its First Amended Complaint to assert one additional patent, U.S. Patent No. 8,583,706 ("the '706 patent"), which is unrelated to the H.264 Standard or any video coding technology. ECF 63. Nokia's

infringement allegations for all asserted patents focus on Lenovo desktop computers, laptops, and tablets. *See id.*, ¶¶ 61-62.

On May 18, 2020, the Court appointed the Honorable Jose Linares as mediator in this case. ECF 47. Since that time, the parties and their counsel have met (telephonically) with Judge Linares on multiple occasions regarding this dispute (and other litigations that Nokia has filed against Lenovo in Germany, India, and Brazil alleging infringement of patents related to the H.264 Standard), and have made initial written submissions to Judge Linares. A mediation session is scheduled for September 21, 2020. At the parties' request, the Court extended the initial mediation deadline until that date. ECF 71.

Despite Nokia filing its complaint nearly a year ago, this case remains in its early stages. Only one of the five named defendants—Lenovo United States—has answered Nokia's complaint.[1] Neither party has taken any depositions. There is nearly a year left in fact discovery, which is scheduled to close on July 1, 2021. ECF 23 at 2; ECF 51 at 2. Expert discovery does not close until December 2, 2021—more than fifteen months from now—and dispositive motions are not due until January 2022. ECF 23 at 2. The claim construction process

---

[1] Lenovo (Beijing) Limited ("Lenovo Beijing") was served with Nokia's now-superseded Original Complaint on July 31, 2020, and has not been served with Nokia's First Amended Complaint (ECF 63). Lenovo Beijing objects to both process and service of process because the original complaint has been superseded and is inoperative, and intends to move to dismiss on that basis. *See, e.g.*, *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint of no effect." (citation and punctuation omitted)); 4A Fed. Prac. & Proc. Civ. § 1093 & n.14 (4th ed. Apr. 2020 Update) (Wright & Miller: "[S]ervice of a superseded complaint with the summons does not fulfill the requirements of the rule. As one court has remarked, a superseded complaint is a mere scrap of paper." (citation and punctuation omitted)). Lenovo Beijing further contests personal jurisdiction in this matter, and intends to move to dismiss pursuant to Federal Rule of Civil Procedure 12(b). *See* ECF 82 (Lenovo (Bejing) Limited's Agreed-to Motion to Set a Deadline to Respond to the Original Complaint).

3

has only just started, and opening *Markman* briefs are not due until December 11, 2020. ECF 51 at 2. Neither a *Markman* hearing nor trial has been scheduled. *See* ECF 23 at 2.

B.     **The ITC Proceedings**

On July 2, 2020, Nokia filed a complaint against Lenovo United States and other Lenovo entities in the ITC (including the other Lenovo entities named as defendants in this action). In its complaint, Nokia asked the ITC to institute an investigation into whether Lenovo has violated 19 U.S.C. § 1337 based on Lenovo's products that allegedly infringe five of the same patents—the '764, '808, '469, '818, and '706 patents—that Nokia asserts in this case. Ex. 1, Nokia ITC Complaint, ¶ 3. Nokia's infringement allegations in the ITC again focus on the same Lenovo desktop computers, laptops, and tablets as accused in this Court, as well as certain Lenovo servers and smart home devices. *See* Ex. 2, Nokia ITC Public Interest Statement at 2 ("The accused Lenovo products are largely laptop, tablet, and desktop computers."); Ex. 1, Nokia ITC Complaint, ¶ 4. With respect to the overlapping patents declared essential to the H.264 Standard, all of the patent claims asserted in the ITC investigation are also asserted in this case.

The ITC instituted its investigation with respect to all five overlapping patents on August 4, 2020 as *Certain Electronic Devices, Including Computers, Tablet Computers, and Components and Modules Thereof*, Inv. No. 337-TA-1208. Ex. 3, ITC Notice of Institution. On August 6, 2020, the presiding Administrative Law Judge ("ALJ") issued the "Ground Rules" for the ITC investigation that included, among other things, a list of deadlines that will govern the procedural schedule for the investigation. Ex. 4, ITC Order No. 2 at 5. That procedural schedule contemplates two settlement conferences, including one at the outset of the investigation. *Id.* On August 11, 2020, the ALJ issued an order setting certain hearing dates in the ITC investigation. Ex. 5, ITC Order No. 3. Under that order, the claim construction hearing is set for January 21,

2021 the evidentiary hearing is scheduled for the week of May 3, 2021, and the target date for completion of the investigation is December 10, 2021. *Id.* at 2-3.

III.  **ARGUMENT**

A.  **Section 1659(a) Requires a Stay of the District Court Proceedings with Respect to the Overlapping '764, '808, '469, '818, and '706 Patents.**

When a patent holder brings parallel actions alleging infringement of the same patents in both a district court and the ITC, 28 U.S.C. § 1659(a) entitles the responding party to a stay of the district court case with respect to patents asserted in both the district court and the ITC:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court ***shall*** stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the ***same issues*** involved in the proceeding before the Commission, but only if such request is made within (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or (2) 30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659(a) (emphases added); *see InterDigital Commc'ns, LLC v. Int'l Trade Comm'n*, 707 F.3d 1295, 1310 n.3 (Fed. Cir. 2013) (Newman, J., dissenting) ("A statutory amendment in 1994 renders it obligatory for a district court to stay a co-pending infringement action until the ITC proceeding is completed.").

Here, Section 1659(a)'s requirements are met. Lenovo United States is a party both to this case and the ITC investigation initiated by Nokia; this case and the ITC investigation involve the same issues (*i.e.*, the five overlapping patents); and Lenovo United States submits this request within thirty days of Lenovo United States being named as a respondent in the ITC investigation on August 4, 2020. Ex. 3, ITC Notice of Institution; *see Polymer Tech. Sys., Inc. v. ACON Labs., Inc.*, No. 18-cv-00805-H-JLB, 2018 WL 3388123, at *2 (S.D. Cal. July 11, 2018) (request for stay "timely" where submitted within thirty days of notice of institution).

5

Accordingly, Lenovo United States respectfully requests a stay of this case with respect to the '764, '808, '469, '818, and '706 Patents.[2]

> **B.** **The Court Should Exercise Its Discretion to Stay the District Court Proceedings with Respect to the Non-Overlapping Patents, Except for the September 21 Mediation Deadline.**

In addition to its request for a statutory stay with respect to the overlapping patents, Lenovo United States also requests that this Court exercise its discretion to stay this case—except for the September 21, 2020 mediation deadline—with respect to the non-overlapping '599, '273, '005, '701, '818, and '125 Patents.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936). And when Congress created 28 U.S.C. § 1659, it anticipated that district courts would use their discretionary power to impose stays in cases like this one to stay claims with respect to patents that are related to, but not the same as, those at issue in the ITC. *See* Ex. 6, H.R. Rep. No. 103-826(I), at *141 ("The district court may use its discretionary authority to stay any other claims in the action before it.").

When deciding a motion to stay as to non-overlapping patents pending a related ITC investigation, courts often consider whether: (1) a stay will simplify the issues in question or at trial; (2) discovery is complete and a trial date has been set; and (3) a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See Graphic Props.*

---

[2] Nokia agrees that Lenovo United States is "entitle[d]" to a stay with respect to the overlapping patents. *See* ECF 66 at 13 ("Under 28 U.S.C. § 1659, the ITC investigation entitles Lenovo to a stay of the district court proceedings on every claim from these [overlapping] patents.").

6

*Holdings, Inc. v. Toshiba Am. Info., Sys., Inc.*, No. 12-cv-213-LPS, 2014 WL 923314, at *2 (D. Del. Mar. 5, 2014); Ex. 7, *Black Hills Media, LLC v. Samsung Elecs. Co., Ltd.*, No. 13-cv-379-JRG-RSP, ECF 63 at 1 (E.D. Tex. Mar. 17, 2014); *see also Edge-Works Mfg. Co. v. HSG, LLC*, No. 17-cv-223-FL, 2018 WL 10604745, at *1 (E.D.N.C. Apr. 30, 2018) (applying these same factors in considering motion to stay pending patent re-examination).[3]

Here, each of these factors weighs clearly and convincingly in favor of staying this case with respect to the non-overlapping patents until the ITC's determination becomes final.

### 1. *A stay will simplify this case and promote judicial economy.*

A stay with respect to the non-overlapping patents will simplify this case by allowing the parties and the Court to litigate all eleven asserted patents together once the ITC proceedings conclude. Without a stay, the case in this Court will be split into two separate tracks: a first track in which the parties and the Court would address the asserted claims and defenses for the non-overlapping patents, and a second track (after the ITC investigation) in which the parties and the Court would address the asserted claims and defenses raised for the overlapping patents. This approach would be inefficient for several reasons.

***First***, because of the close relationship between the non-overlapping patents and the overlapping patents, there will be duplicative discovery absent a stay. All six of the non-

---

[3] Some courts have considered similar discretionary factors based on the Supreme Court's decision in *Landis v. North American Co.*, 299 U.S. 248 (1936), while other courts have applied a more general balancing test. *See Arris Enterprises LLC v. Sony Corp.*, No. 17-CV-02669-BLF, 2017 WL 3283937, at *2 (N.D. Cal. Aug. 1, 2017) (considering the following factors "drawn from the Supreme Court's decision in *Landis*": "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay") (internal citations and quotations omitted); *SanDisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060, 1065 (W.D. Wisc. 2008) (general balancing test). A discretionary stay is appropriate here regardless of the specific test the Court applies.

7

overlapping patents relate to the same technology (i.e., video coding technology) and are alleged by Nokia to be essential to the same H.264 Standard, as four of the five overlapping patents; indeed, Nokia alleges that the accused Lenovo products infringe these ten patents because they support the H.264 Standard. *See, e.g.*, ECF 63 at ¶¶ 61, 70, 78, 87, 95, 102, 110, 117, 132, 141, 150. In addition:

- Four individuals named as inventors on the non-overlapping patents are also named as inventors on the overlapping patents;

- The non-overlapping '273 and '599 patents are both related to the overlapping '469 patent, and the '599 patent shares a common specification with the '469 patent;

- The non-overlapping '005 patent is related to, and shares a common specification with, the overlapping '764; and

- Nokia's infringement allegations with respect to the non-overlapping patents and the overlapping patents focus on the same accused products.

Absent a stay with respect to the non-overlapping patents, there is a substantial likelihood that Nokia would seek to depose certain Lenovo employees multiple times in this civil action (apart from the ITC litigation)—once with respect to the non-overlapping patents, and again with respect to the overlapping patents—in connection with the same accused products. Lenovo likewise would need to depose the same named inventors multiple times in this litigation. The risk of subjecting Lenovo to these duplicative efforts weighs in favor of granting a stay, and multiple courts have relied on precisely this type of risk in exercising their discretion to stay the litigation of non-overlapping patents while ITC proceedings are pending. *See Arris*, 2017 WL 3283937, at *3 (in granting discretionary stay, noting that "[w]ithout a stay, the parties would have to conduct multiple depositions of the same witnesses because of their ability to speak only to the non-overlapping patent while the overlapping patents are stayed"); *Graphic Props. Holdings*, 2014 WL 923314, at *2 (where non-overlapping patent shared "common inventors,

8

specification, and prosecution history" with patent asserted in ITC, granting stay to avoid "duplicative discovery and other pretrial matters" as "claim construction and invalidity issues with respect to one patent will necessarily impact those same issues with respect to the other patent"); *Avago Techs. U.S. Inc. v. IPtronics, Inc.*, No. 10-cv-02863-EJD, 2013 WL 623042, at *3 (N.D. Cal. Feb. 15, 2013) (granting stay, noting that "dual schedule such as the one presented here may require duplicative discovery [and] two rounds of expert reports"); *FormFactor, Inc. v. Micronics Japan Co., Ltd.*, No. 06-cv-07159 JSW, 2008 WL 361128, at *2 (N.D. Cal. Feb. 11, 2008) (granting stay pending ITC proceedings to avoid "significant overlap in discovery because of the similar technology and products asserted in the patents in both the ITC proceeding and present [district court] proceeding"); *Flexsys Americas, LP v. Kumho Tire, U.S.A., Inc.*, No. 05-cv-156, 2005 WL 1126750, at *3-4 (N.D. Oh. Apr. 29, 2005) (granting stay pending resolution of ITC proceedings in part to avoid "two rounds of discovery").

    ***Second***, a failure to stay this case for the non-overlapping patents risks wasting significant judicial resources. Without a stay, this Court would need to conduct, among other things, two rounds of *Markman* proceedings, two rounds of dispositive and *Daubert* motions, and, potentially, two trials—each round addressing the same accused products and patents that relate to the same technology and, in several cases, share common inventors and specifications. Multiple courts have relied on this waste of judicial resources as a reason to stay cases as to non-overlapping patents until the ITC proceedings are completed. *See, e.g.*, *Chart Trading Dev., LLC v. Tradestation Grp., Inc.*, No. 15-cv-1136-JDL, 2016 WL 1246579, at *4 (E.D. Tex. Mar. 29, 2016) (granting stay pending post-grant proceedings where "issues . . . will be greatly streamlined and duplicative resources will not have been wasted"); Ex. 7, *Black Hills Media*, slip op. at 2 (finding "judicial efficiency favors a stay" pending ITC proceedings given "common

9

issues of both law and fact that are best considered in a single proceeding"); *Avago*, 2013 WL 623042, at *3 (granting stay, noting that "dual schedule such as the one presented here may require … two rounds of dispositive motions, and ultimately, two trials"); *Flexsys*, 2005 WL 1126750, at *4 (finding "temporary stay [pending ITC proceedings] will result in a tremendous savings of judicial time and resources" because, "[a]bsent a stay, the Court will hold status conferences and hearings and address discovery disputes only to be faced with many of the same issues after the stay is lifted").[4]

***Finally***, granting a stay as to the non-overlapping patents will likely simplify the issues in this case. Specifically, a stay as to all patents would allow the parties and the Court to benefit from the ITC's decisions regarding common legal and factual issues, and potentially narrow the issues in dispute before this Court. *See Arris*, 2017 WL 3283937, at *4 ("Even though the ITC rulings are not binding on this Court, the discovery and the rulings can still benefit this case."); *FormFactor*, 2008 WL 361128, at *2 (finding factor weighed in favor of a stay where "the issues brought before this Court could potentially be much narrower after the conclusion of the ITC proceeding"); *SanDisk*, 538 F. Supp. 2d at 1067 ("Not only would parallel proceedings be burdensome, but waiting for the commission to complete its investigation may help simplify this case."); *Flexsys*, 2005 WL 1126750, at *3 (findings and rulings made by the ITC tend to result in

---

[4] The court's decision in *Apple Inc. v. High Tech Computer Corp.* is particularly instructive. No. 10-cv-167-GMS, 2011 WL 13141909 (D. Del. Dec. 22, 2011). There, defendants requested a discretionary stay with respect to ***eleven*** patents not asserted in the ITC proceedings, where (1) the accused products and named defendants in the two cases overlapped; (2) the technology claimed in the asserted patents before the ITC was "similar" to the technology covered in the non-ITC patents; and (3) the two cases involved "similar" witnesses and subjects of discovery, "including an overlap of two inventors." *Id.* at *2-3. The court granted defendants' motion, reasoning that the actions "are sufficiently similar in subject matter and evidence overlap that the interests of judicial economy and preservation of party resources would be promoted by trying these cases simultaneously." *Id.* at *4 & n.16. So too here. *See supra* at 7-8.

10

a "narrowing of complex issues" for the district court case). By contrast, proceeding now in this Court on the non-overlapping patents would require simultaneous duplicative litigation of such common legal and factual issues.

In sum, the Court should stay this case with respect to the non-overlapping patents until the ITC investigation is completed to avoid the waste of judicial and party resources that will inevitably result if this case is litigated on two different tracks, and to reap the benefits that could arise if the ITC addresses issues that will ultimately narrow the scope of this litigation.

### 2. *The early stage of this case favors a stay.*

The stage of proceedings further supports a stay as to all patents. Although Nokia filed its complaint nearly a year ago, this litigation remains in its early stages: almost a year remains in fact discovery, the claim construction process has not yet started, and neither a *Markman* hearing nor trial has been scheduled. *See supra* at 3-4. Under these circumstances, the Court and parties can gain the maximum efficiency afforded by a stay, without wasting any meaningful resources already dedicated to this proceeding. Indeed, courts have repeatedly granted stays in similar circumstances based on this factor. *See Graphic Props. Holdings*, 2014 WL 923314, at *3 (fact that "[n]o trial date has been set for this case and discovery is not yet complete" favored stay); *see also Avago*, 2013 WL 623042, at *3 (granting request for discretionary stay two years after original complaint filed, noting that "[t]hough this litigation is already well underway, the harm imposed by a stay to Plaintiffs is minimal and largely of their own making" as "Plaintiffs chose to file an ITC investigation fairly late in this litigation").

### 3. *A stay with respect to the non-overlapping patents does not unfairly prejudice Nokia.*

A stay of this action also will cause no meaningful harm to Nokia.

***First***, Nokia chose to assert overlapping patents in both this case and in the ITC, creating the very circumstances that, absent a stay, will lead to duplicative proceedings and duplicative discovery in this case. Nokia cannot complain of prejudice that it itself created. *See Avago*, 2013 WL 623042, at *3; *see also* Ex. 7, *Black Hills Media*, slip op. at 2 (finding stay would not prejudice plaintiffs because they "brought these circumstances on themselves by filing [the] complaint in the ITC" and "[p]laintiffs could have anticipated the possibility (if not the probability) of Defendants' seeking to stay the non-ITC portion of this case"); *FormFactor*, 2008 WL 361128, at *2 ("[T]he fact that injunctive relief is not available [during a stay for the non-overlapping patents] arises because of [plaintiff's] own decision not to include the non-[ITC] patents in its ITC complaint.").

***Second***, a stay will, at most, delay Nokia's ability to recover monetary damages, assuming liability is proven. But this is not a "harm" that courts have recognized as a reason to deny a stay in similar circumstances. Indeed, presented with a similar procedural posture, multiple courts have found that "[p]otential monetary damages are not sufficient harm to warrant not staying this proceeding." *FormFactor*, 2008 WL 361128, at *2; *see also SanDisk*, 538 F. Supp. 2d at 1067 ("Plaintiff's only real 'injury' is that it will have to wait for any money damages, which is always the case when a stay is imposed."); *Flexsys*, 2005 WL 1126750, at *3 (rejecting plaintiff's argument "that it will be harmed by a stay of this action because the damages portion of the trial will be delayed while defendants continue to infringe the patents"). The Court should find the same here.

***Third***, Nokia itself has failed to identify any prejudice it would suffer from a stay on the non-overlapping patents. When asked for its position on this motion, Nokia did not articulate any prejudice it would suffer from the requested stay or any good reason that the case should not

12

be stayed with respect to the non-overlapping patents.  Indeed, Nokia indicated it would *agree* to a stay as to all patents, but sought to extract concessions from the Lenovo defendants in return.  Specifically, Nokia conditioned its agreement on:  (1) the named Lenovo defendants agreeing not to oppose a motion by Nokia to *lift* the stay later if any Lenovo entity (or its suppliers) filed an offensive action against Nokia "anywhere in the world"; and (2) the named Lenovo defendants relinquishing the right to have the Patent and Trademark Office examine the validity of the non-overlapping patents in *inter partes* review proceedings.  *See* Ex. 8 at 1 (Aug. 23, 2020 E-mail from Lipschitz).  The first demand makes clear that Nokia itself views proceeding with this case as to the non-overlapping patents as nothing more than a vehicle to force the Lenovo defendants to needlessly expend time and resources—a dial it wishes to be able to turn up or down at its discretion to deter Lenovo United States from exercising unrelated rights.  Because there is no prejudice to Nokia, and because it is in the interest of the parties, the Court, and the judicial system more broadly to avoid the type of resource-wasting, a stay as to the non-overlapping patents is warranted.

        **C.**     **The Initial Mediation Deadline Should Not Be Stayed.**

Finally, Lenovo United States respectfully requests that the Court stay all deadlines *except for* the September 21, 2020 deadline for completion of the initial mediation.  *See* ECF 71.  As discussed above, since the Court appointed Judge Linares as Mediator, the parties have been actively working with him:  they have met telephonically with Judge Linares multiple times to discuss this case; have made initial written submissions to Judge Linares; and Lenovo United States is already preparing for the mediation scheduled for next month.  In short, cutting off the ongoing mediation process now would mean that the efforts of the parties and of Judge Linares to get up to speed on the case would be wasted.  In order to avoid that result, and to enable the

parties to explore resolving their dispute before the parties and the Court (and the ALJ in the ITC investigation) expend additional resources on litigation, Lenovo United States requests that the initial mediation deadline remain in effect, and that the mediation process continue until such time as Judge Linares reports to the Court that the mediation has been unsuccessful or successful.

There is simply no downside to allowing the mediation to proceed, nor is there any prejudice to Nokia from proceeding with the current mediation schedule. As explained above, the schedule in the ITC investigation requires the parties to participate in two settlement conferences, including one at the outset of the investigation. *See supra* at 4-5. Thus, regardless of what happens in this case, the parties will soon be required to have a settlement discussion. Nokia therefore suffers no prejudice from discussing settlement in the scheduled mediation and with the benefit of Judge Linares' participation.

## IV. CONCLUSION

Lenovo United States respectfully requests that the Court grant the statutory stay required by 28 U.S.C. § 1659(a) with respect to the overlapping patents. Further, because each of the relevant factors strongly weighs in favor of a stay, Lenovo United States respectfully requests that the Court exercise its inherent powers to stay this case with respect to the remaining asserted patents until the determination of the Commission in the ITC Investigation becomes final, except that the September 21, 2020 deadline for Conclusion of Initial Mediation shall remain in effect, and the mediation process shall continue until such time as the Mediator reports to the Court that the mediation has been unsuccessful or successful.

DATED: August 24, 2020                    Respectfully submitted,

                                                   /s/ *Jacob S. Wharton*
                                                   Hayden J. Silver III, NCSB No. 10037
                                                   WOMBLE BOND DICKINSON (US) LLP
                                                   555 Fayetteville Street, Suite 1100
                                                   P.O. Box 831
                                                   Raleigh, North Carolina 27601
                                                   Telephone: (919) 755-2188
                                                   E-mail: jay.silver@wbd-us.com

                                                   Jacob S. Wharton, NCSB No. 37421
                                                   Ana J. Friedman, NCSB No. 53117
                                                   WOMBLE BOND DICKINSON (US) LLP
                                                   One West 4th Street
                                                   Winston-Salem, North Carolina 27101
                                                   Telephone: (336) 747-6609
                                                   E-mail: jacob.wharton@wbd-us.com
                                                                   ana.friedman@wbd-us.com

                                                 William F. Lee
                                               Richard W. O'Neill
                                               Sarah R. Frazier
                                               WILMER CUTLER PICKERING HALE
                                               AND DORR LLP
                                               60 State Street
                                               Boston, Massachusetts 02109
                                               Telephone: (617) 526-6000
                                               Email: william.lee@wilmerhale.com
                                                          richard.o'neill@wilmerhale.com
                                                          sarah.frazier@wilmerhale.com

                                               Todd C. Zubler
                                               WILMER CUTLER PICKERING HALE
                                               AND DORR LLP
                                               1875 Pennsylvania Avenue NW
                                               Washington, DC 20006
                                               Telephone: (202) 663-6000
                                               Email: todd.zubler@wilmerhale.com

                                             *Counsel for Lenovo (United States) Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 24, 2020, a true and correct copy of the above and foregoing DEFENDANT LENOVO (UNITED STATES) INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to the attorneys of record for all parties.

      /s/ *Jacob S. Wharton*
Hayden J. Silver III, NCSB No. 10037
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
P.O. Box 831
Raleigh, North Carolina 27601
Telephone: (919) 755-2188
E-mail: jay.silver@wbd-us.com

Jacob S. Wharton, NCSB No. 37421
Ana J. Friedman, NCSB No. 53117
WOMBLE BOND DICKINSON (US) LLP
One West 4th Street
Winston-Salem, North Carolina 27101
Telephone: (336) 747-6609
E-mail: jacob.wharton@wbd-us.com
       ana.friedman@wbd-us.com

*Counsel for Lenovo (United States) Inc.*